

1
2
3
4                                                    Honorable Ronald B. Leighton
5
6
7
8
9
10
11
12            IN THE UNITED STATES DISTRICT COURT
13           FOR THE WESTERN DISTRICT OF WASHINGTON
14                        AT TACOMA
15
16   SHARON ALLEN; THE WASHINGTON
     PROTECTION AND ADVOCACY SYSTEM,          No. C99-5018RJB
17   INC., a Washington corporation; and THE ARC
18   OF CLARK COUNTY,
19
20                           Plaintiffs,       ORDER AND SETTLEMENT
21                                             AGREEMENT
22   v.
23
     WESTERN STATE HOSPITAL and ANDREW
     PHILLIPS, in his capacity as the Chief Executive
     Officer of Western State Hospital; et al.,

                            Defendants.

        This matter is before the Court on the parties' Joint Motion for Approval of the

Settlement Agreement and Entry of Order Scheduling a Fairness Hearing in the above-captioned

action. The Court having reviewed the Motion including the attachments and declarations of

Deborah A. Dorfman and Kevin Black in support thereof, and the pleadings and documents on

file herein; and being fully advised, the Court hereby ORDERS:

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 1                                    Washington Protection & Advocacy System
C99-5018                                          315 5TH Avenue South, Suite 850

                                                  Seattle, Washington  98104

                                                  (206) 324-1521 · Fax: (206) 957-0729

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# I. ENHANCED QUALITY ASSURANCE FOR CLASS MEMBERS

A.     <u>Purpose</u>

The purpose of this Settlement Agreement is to address, without defining legal standards or statutory requirements, the statutory rights of *Allen* class members to receive services and supports in the most integrated settings and reasonable modifications to services, supports, policies and practices so that they may have an opportunity to participate in defendants' programs and services in the community.

Specifically, this Settlement Agreement addresses the plaintiff class' claims in regard to community services and supports made under Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act, as set forth in the Complaint.

B.     <u>Background</u>

The Department of Social and Health Services (DSHS) maintains numerous levels of oversight and quality assurance for the services it provides.  There is existing quality assurance structures mandated through federal and state law that apply to class members.  These structures may include, but are not limited to, certification and licensing of services, facilities, and department subcontractors, annual assessment of clients to determine the appropriate level of care needed, creation of a plan of care that is consistent with identified need, assurance that all services are provided by qualified providers, and identification, resolution, and prevention measures regarding alleged incidents of abuse, neglect and/or exploitation.

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 2
C99-5018

Washington Protection & Advocacy System

315 5TH Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521 · Fax: (206) 957-0729

1
2
3
4    In addition to these existing quality assurance measures, defendants agree to provide and
5
6    maintain an enhanced quality assurance process for class members.  This enhanced process will
7
8    include an additional four tiers of quality assurance activities that specifically target class
9
10   members.  The four additional tiers are:

11
12   •   Division of Developmental Disabilities/Mental Health Division (DDD/MHD) Cross
13
14       Systems Committee;
15
16   •   An Internal Oversight Review Team;
17
18   •   Regional comprehensive reviews by DDD staff and Regional Support Network (RSN)
19
20       staff of a sample of randomly selected class members; and
21
22   •   DDD community follow-up reviews for class members for one year following discharge
23
         from state psychiatric hospitals.

         A.    DDD/MHD Cross Systems Committee

               1.    The CSC shall have accountability for the implementation of this Order.

               2.    The CSC shall be chaired by the directors of the DDD and MHD.

Membership shall include DDD and MHD headquarters program management staff, DDD field

services management, and representatives from state hospitals, RSNs, and DDD and MHD

quality assurance staff.

               3.    The CSC shall meet quarterly to review and analyze quality assurance

data, including data from comprehensive reviews and corrective actions, in order to monitor

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 3

C99-5018

Washington Protection & Advocacy System

315 5TH Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521 · Fax: (206) 957-0729

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

program performance and make policy level recommendations for improvements, including

trend analysis, identification of service gaps, and recommendations for development of

additional resources where appropriate.  The CSC will also review reports generated by the state

hospitals and the DSHS Internal Oversight Review Team (IORT).

       B.      <u>Internal Oversight Review Team</u>

           1.      The IORT is a team of professionals who conduct targeted system

reviews.  The IORT will make recommendations to the CSC regarding possible systemic

changes based on the result of its reviews.

           2.      Membership in IORT shall include, at a minimum, one psychiatrist with

experience in the care and treatment of individuals with developmental disabilities with co-

occurring mental illness; one licensed clinical psychologist trained in the development and

implementation of plans of care, positive behavior support plans, and cross system crisis plans;

and two mental health professionals who are also developmental disability mental health

specialists.

           3.      The IORT shall have the following responsibilities:

               a)      To conduct targeted system reviews at the request of the CSC and

at its own discretion.  The IORT will report the findings of such reviews to the CSC, and make

recommendations for system improvements.

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 4

C99-5018

Washington Protection & Advocacy System

315 5TH Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521 · Fax: (206) 957-0729

1
2
3
4          b)      To maintain the *Allen/Marr* Internal Oversight Review tool, and
5
6   propose revisions to the tool as appropriate, using the process described in Section I.C.2., below.
7
8          c)      To review records of the regional comprehensive review process
9
10  described in Section I.C., below, and to analyze significant findings, trends, or patterns for
11
12  presentation to the CSC.
13
14         d)      At least annually, the IORT will review all cases in which a
15
16  comprehensive review has resulted in a referral to the RSN Administrator or DDD Regional
17
18  Administrator for immediate action in response to an imminent threat to health and safety, as
19
20  described in Section I.C.4.c), below.
21
22         4.      IORT shall meet quarterly.
23

    C.      Regional Comprehensive Reviews of Randomly Selected Class Members

    1.      Defendants shall conduct regional comprehensive reviews of randomly

selected class members in each region.  These reviews shall be conducted quarterly and include

an evaluation of the following components of care:

    a)      Cross system crisis plans;

    b)      Positive behavior support plan/functional analysis;

    c)      Care Planning;

    d)      Incident reporting;

    e)      Residential services;

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 5

C99-5018

Washington Protection & Advocacy System

315 5TH Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521 · Fax: (206) 957-0729

f)      Vocational services;

g)      Outpatient mental health services, including state plan services and DDD funded services;

h)      In-patient mental health services;

i)      Crisis stabilization services; and

j)      DDD/MHD/RSN/Community Mental Health Agency (CMHA) cross-system collaboration.

2.      These reviews shall be conducted using the *Allen/Marr* Internal Oversight Review tool.  This tool is attached hereto as Appendix A and is incorporated by reference.  This tool will be maintained by the IORT.  The parties understand that it may be necessary for the defendants to make periodic modifications to this tool.  Before such modifications are made, defendants shall notify WPAS with a description of the proposed change.  WPAS shall then have 14 days to raise any concerns or disagreements over the proposed change.  The parties will work in good faith to resolve any disagreements that arise.

3.      On or before entry of this Order, defendants shall begin to transition the comprehensive review process to regional review teams.  These regional review teams shall be composed of regional DDD and RSN staff.  Once the regional review teams are fully trained, they shall develop a quarterly review schedule to assure that a 10% sample of randomly selected class members is reviewed annually in each region.

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 6

C99-5018

Washington Protection & Advocacy System

315 5TH Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521 · Fax: (206) 957-0729

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Training for regional review teams shall be provided by the IORT team and will be based on a training curriculum developed by the IORT team in consultation with the appointed Independent Monitor (see Section II.A. below).  This training will include side-by-side participation with the IORT team.

The training, except for the tandem reviews, shall be concluded by April 2, 2007.  The tandem reviews will be completed in DDD regions 1-4 by May 31, 2007.  Tandem reviews will be completed in DDD regions 5-6 by June 30, 2007.  The regional review teams will then conduct regularly scheduled reviews starting in the final quarter of 2007 and each quarter thereafter.

4.      Monitoring Compliance

a)      All deficiencies noted in the comprehensive review process through the use of the *Allen/Marr* Internal Oversight tool will necessitate corrective action. When the review findings are reported, the regional review team will notify the party or parties under review what required follow-up actions are necessary to correct any and all identified deficiencies.  This required follow-up notice will specify that all corrective actions are to be completed within 30 days of the receipt of said notice.

b)      Compliance with required follow-up actions will be monitored by Quality Compliance and Control (QCC) staff or by a designee of the RSN Administrator, as appropriate.  In the event that appropriate corrective action has not been taken in regard to an

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 7
C99-5018

Washington Protection & Advocacy System

315 5TH Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521 · Fax: (206) 957-0729

1
2
3
4       identified deficiency, the QCC staff or RSN will notify the DDD and MHD Program
5
6       Administrators.  DDD and MHD Program Administrators will then take appropriate action to
7
8       correct identified deficiencies.
9
10              c)      If the regional review team has reasonable cause to believe that the
11
12      health and safety of a client is at risk of imminent harm, the regional review team shall
13
14      immediately inform the RSN Administrator, and/or the DDD Regional Administrator, as
15
16      appropriate.  The Administrator(s) shall take appropriate steps to protect the health and safety of
17
18      the client.  These findings will also be reported to the DDD and MHD Program Administrators,
19
20      who will follow up to evaluate whether the client's health and safety needs were met in an
21
22      effective and timely manner.
23
                d)      The results of the comprehensive review process will be forwarded

to the appropriate DDD Regional Administrator, RSN Administrator, and DDD and MHD

Program Administrators.  Significant findings, trends, patterns, or noncompliance shall be

reported to the CSC by DDD and MHD Program Administrators.  DDD and MHD Directors

and/or their designees will take appropriate action to correct any failures to comply with required

follow up so that quality assurance is maintained.

                e)      All incidents of noncompliance with required follow-up actions

will be shared with WPAS during quarterly meetings.


ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 8

C99-5018

Washington Protection & Advocacy System

315 5TH Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521 · Fax: (206) 957-0729

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

f)      All staff conducting comprehensive reviews shall be trained prior

to conducting reviews.  This training curriculum shall be provided to the Independent Monitor at

least 20 days before the training is conducted.

D.      DDD Community Follow-Up Reviews

1.      On or before entry of this order, DDD shall begin conducting community

follow-up reviews for all class members discharged from state psychiatric hospitals who were in

residence there for a minimum of 90 days.  These reviews shall include evaluating the

implementation of hospital discharge recommendation and the stated reasons for adopting

alternative proposals.

2.      These reviews shall occur at the following intervals at the discretion of the

reviewer:  within 0-30 days; within 90-180 days, and within 180-365 days following discharge

from the hospital.  They will include a review of the client's residential and vocational programs,

and DDD core values of health, safety, competence, status, choice and relationships.

3.      All completed community follow-up reviews will be reviewed by DDD

quality assurance program staff and significant findings shall be reported to the CSC.

**II.EXTERNAL OVERSIGHT**

A.      Defendants agree to retain an Independent Monitor within a reasonable time to

monitor the enhanced quality assurance processes described in Section I of this Order.  The

Independent Monitor shall be mutually agreed upon by the parties.

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 9

C99-5018

Washington Protection & Advocacy System

315 5TH Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521 · Fax: (206) 957-0729

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

      B.     The role of the Independent Monitor shall be limited to evaluation of the defendants' implementation of the enhanced quality assurance programs for class members, as described in Section I of this Order.

      C.     The monitoring period shall be for a period of six months following appointment. If substantial compliance is found by the Independent Monitor at the end of the six month period, external monitoring shall end.  If the Independent Monitor does not find substantial compliance at that time, external monitoring may be extended for up to an additional six months, at the discretion of the Independent Monitor.

      D.     The Independent Monitor shall have access to all materials needed to conduct external monitoring that are not protected by the attorney client or attorney work product privilege as described by state and federal law.

## III. INCIDENT REPORT/REVIEW PROCESS

      A.     DDD requires each region to maintain written procedures for managing serious and emergent incidents involving clients.  Within 60 days of the entry of this Order, defendants will review these procedures to determine if they adequately address serious and emergent incidents for class members and require that such incidents be promptly reported to central office.  If necessary, DDD shall make changes to the written procedures in order to accomplish these objectives.

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 10
C99-5018

Washington Protection & Advocacy System

315 5TH Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521 · Fax: (206) 957-0729

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

B.       Copies of all central office reportable incident reports shall be provided to WPAS

on a bi-weekly basis.  WPAS shall be provided on site access to all incident reports involving

class members maintained at the regional level upon request, and will be allowed to make copies

at its own expense.  WPAS agrees to give seven days notice to the region before a visit for the

purpose of monitoring this Agreement.  In doing so, WPAS will make all requests through the

Regional Administrator or Field Services Administrator of the relevant DDD regions and

provide a copy of such requests to the Office of the Attorney General

C.       DDD will maintain an incident report review team who will meet monthly to

review trends and patterns, as well as incidents involving clients that raise systemic concerns.

On a quarterly basis, this review will target class member incidents.  The team will recommend

changes as necessary, and members of the team will be assigned to follow-up with the regions.

The team will review the results of follow-up actions at future meetings.  Significant results will

be reported to the CSC.

D.       As mandatory reporters of suspected abuse, neglect, abandonment or financial

exploitation against children or vulnerable adults under RCW 74.34, DDD, MHD, and their

subcontractors will report any such incidents to the appropriate investigative authorities.

### IV. PROTECTION FOR CLASS MEMBERS IN JAILS

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 11
C99-5018

Washington Protection & Advocacy System

315 5TH Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521  ·  Fax: (206) 957-0729

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

A.      All DDD case managers are required to notify the DDD mental health resource manager within one business day from the time the case manager becomes aware that a class member has been incarcerated, per DDD Management Bulletin D06022, issued January 2006.

B.      On or before the entry of this Order, DDD Policy 5.18 (Cross System Crisis Planning) shall be revised to require staff to invite probation/parole officers and other appropriate law enforcement staff who supervise or interact with class members to participate in cross system crisis planning meetings.

C.      Within 60 days of the entry of this Order, and annually thereafter, DDD shall provide contact information to local jails to facilitate notification of DDD personnel when jail staff suspects an inmate may have a developmental disability.

D.      DDD will continue to actively participate in training of law enforcement regarding effective and appropriate interactions with class members.

## V.ENHANCED CONTINUITY OF CARE

A.      On or before entry of this Order, defendants shall implement a standardized transfer letter for class members upon discharge from the hospital, offering consultation with treating physicians from the state hospital.

B.      Within 60 days of entry of this Order, defendants shall review DDD Policies 5.02 and 11.03 and, if necessary, clarify that transition planning will occur for class members who are no longer determined to be DDD eligible.

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 12
C99-5018

Washington Protection & Advocacy System

315 5TH Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521 · Fax: (206) 957-0729

1
2
3
4        C.      Any class member, upon receiving an intake assessment by an RSN mental health
5
6   provider which results in a finding that the individual does not meet medical necessity standards,
7
8   shall receive a notice of the right to request a second opinion.  If a class member makes a request
9
10  for services to the RSN following an intake assessment and the request is denied or reduced, the
11
12  RSN shall provide a Notice of Action that informs the class member of his or her right to appeal
13
14  this decision to the RSN.  If, following this appeal, the class member is not satisfied with the
15
16  outcome, the class member may file a demand for an administrative fair hearing.
17
18  ## VI. CRISIS PLANNING AND POSITIVE BEHAVIORAL SUPPORT PLANNING
19
20          Within 60 days of the entry of this Order, DDD Policy 5.18 shall be amended to require
21
22  that when a class member has both a Cross Systems Crisis Plan (CSCP) and Positive Behavioral
23
Support Plan (PBSP), the plans must be consistent.

## VII. DIVERSION BEDS AND CRISIS STABILIZATION SERVICES

        Defendants will use best efforts to maintain diversion beds and crisis stabilization for

class members in the community protection program in both Eastern and Western Washington.

## VIII. GUIDELINES FOR INTENSIVE CASE MANAGEMENT SERVICES

        A.      Intensive case management involves increased case management support for

selected DDD clients who have co-existing mental health issues or challenging behaviors, and

who are at risk of state psychiatric hospitalization.  Intensive case management is provided by

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 13

C99-5018

Washington Protection & Advocacy System

315 5TH Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521 · Fax: (206) 957-0729

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

case managers who carry significantly smaller case loads than average, have more frequent

client contact, and review client status more often.

      B.      Within 30 days of entry of this Order, defendants will issue a Management

Bulletin establishing statewide guidelines for the use of intensive case management services.

## IX. ADDITIONAL DATA COLLECTION

      A.      Within 60 days of entry of this Order, defendants will add the categories of

Homelessness and Incarceration to the quarterly report.

      B.      Within 60 days of entry of this Order, defendants will provide WPAS with

DSHS' plan to implement the collection of quarterly community hospital data.  The plan will

include the collection of data related to length of stay and discharge disposition, and will specify

a timeline for implementation.

## X. WPAS ACCESS AND PARTICIPATION

      A.      Defendants will share all data and documents provided to the Independent

Monitor with WPAS.

      B.      WPAS will be provided with all comprehensive reviews at the time the results are

reported to the DDD and MHD Program Administrators.  WPAS will also be provided with all

documents produced by the IORT as set forth in Sections I.B. & C., above, except those

documents that are considered attorney-client communications or attorney-work product, until

the termination of the this lawsuit.

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 14

C99-5018

Washington Protection & Advocacy System

315 5TH Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521  ·  Fax: (206) 957-0729

1
2
3
4          C.       Nothing in this Order shall be deemed to limit the ability of the Washington
5
6   Protection and Advocacy System ("WPAS") to fulfill its federal mandates pursuant to the
7
8   "Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act," 42 U.S.C. § 10801,
9
10  *et seq.* and the regulations promulgated thereto, 42 C.F.R. § 51 and the "Developmental
11
12  Disabilities Assistance and Bill of Rights (DD) Act," 42 U.S.C. § 15041, *et seq.* and the
13
14  regulations promulgated thereto, 45 C.F.R. § 1386, *et seq.*
15
16          D.       During the term of this Order, WPAS will be provided access upon request to all
17
18  *Allen* class members' medical, psychological, and psychiatric records, and all reports of
19
20  incidents concerning *Allen* class members generated, collected, or possessed by the defendants.
21
22  Since a class has been certified in this case, no release of information or probable cause letter
23
will be required.  The parties agree that the terms of access to class members' records and related

information shall be the same as those specified in the December 28, 1999, letter from Assistant

Attorney General, Edward Dee, to Deborah Dorfman.

          E.       During the monitoring period, plaintiffs' counsel, at their own expense, may

consult with the Independent Monitor.

## XI.  ATTORNEY FEES & COSTS

          A.       Defendants will bear all costs of the notice of the settlement to the class and the

fairness hearing required for the implementation of this Settlement Agreement.

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 15

C99-5018

Washington Protection & Advocacy System

315 5^(TH) Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521 · Fax: (206) 957-0729

B.      In addition, defendants will pay $34,500 to plaintiffs in full settlement of all attorney fees and remaining costs incurred under this Settlement Agreement and in the community portion of this case.

## XII. ENFORCEABILITY, DISPUTE RESOLUTION AND NON-WAIVER OF CLAIMS AND DEFENSES

A.      Enforceability of Settlement Agreement

Sections I through X herein are enforceable subject to the dispute resolution provisions and requirements set forth below in paragraphs B.1. through B.6. of this Section.

B.      Dispute Resolution

1.      If at any time during the monitoring period, plaintiffs' counsel believes that defendants are not substantially in compliance with this Order, plaintiffs' counsel shall contact defendants' counsel to request a meeting with defendants and their counsel to attempt, in good faith, to informally and timely resolve the dispute.  Consultation with the Independent Monitor may be requested by either party.

2.      If a timely and informal resolution cannot be reached by the parties, the parties shall participate in formal mediation to resolve the issue.  Mediation of the disputed matters shall occur within 30 business days of a party's formal written request for mediation, unless otherwise agreed in writing by the parties or the mediator is unavailable.  A formal request for mediation in the form of a letter shall be submitted by the party requesting mediation.

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 16
C99-5018

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

This request shall be served on all counsel for the parties, the Independent Monitor and the mediator.

        3.      The Honorable J. Kelly Arnold shall be appointed as the mediator for any dispute arising out of this Order.  If Judge Arnold is unavailable, the parties shall mutually agree upon alternative mediators.  Each party shall bear its own costs associated with mediation.

        4.      If, after participating in good faith at the mediation, no resolution is reached, plaintiffs may file a motion with United States District Court in this matter requesting the Court to hold a "show cause" hearing ordering defendants to show cause why they are not in substantial compliance with this Order. Plaintiffs shall provide the appropriate notice to defendants' counsel of such action.

        5.      In the event that plaintiffs have reasonable cause to believe that there is a risk of imminent harm to a class member as a result of defendants' failure to comply with this Order, plaintiffs will make a good faith effort to consult with defendants' counsel and defendants to discuss the issue or issues before filing a motion requesting a show cause hearing. Consultation with the Independent Monitor may be requested by either party, at the requesting party's expense.  If the matter is not resolved, plaintiffs may proceed directly to the Court and request a show cause hearing without first going through mediation or may take any other necessary legal action. Plaintiffs will provide at least one business day's written notice to defendants' counsel via facsimile or e-mail and first class mail prior to initiating court action.

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 17
C99-5018

Washington Protection & Advocacy System

315 5TH Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521 · Fax: (206) 957-0729

6.      In the event that the Court grants plaintiffs' motion requesting a show cause hearing, the parties will brief the issues with the Court's approval, present oral arguments and/or present evidence at a show cause hearing on the issues of defendants' substantial compliance with the agreement.

C.      <u>Nothing in This Order Shall Be Deemed to Limit</u>

1.      The Court's powers of contempt or any other power possessed by the Court.

2.      The ability of any class member to seek relief of any kind to which they would be otherwise entitled under state or federal law other than the claims for systemic injunctive relief adjudicated in this action.

3.      By agreeing to the entry of this Order, defendants have waived no defenses to the allegations in plaintiffs' Complaint and have admitted no liability regarding plaintiffs' claims as set forth in their Complaint.

4.      By agreeing to the entry of this Order, plaintiffs have waived no claims raised in their Complaint.

## XIII. TERMINATION OF ORDER AND DISMISSAL OF LAWSUIT

This Order shall terminate and plaintiffs' claims relevant to services provided to class members in the community shall be dismissed without prejudice thirty days following receipt of

ORDER AND SETTLEMENT AGREEMENT
(Proposed) - 18
C99-5018

Washington Protection & Advocacy System

315 5TH Avenue South, Suite 850

Seattle, Washington  98104

(206) 324-1521 · Fax: (206) 957-0729

1
2
3
4  the final monitoring report, or ninety days following the conclusion of the independent
5
6  monitoring period, whichever is earlier.
7
8          DATED this 6th day of April, 2007.
9
10
11
12
13
14
15                          RONALD B. LEIGHTON
16                          UNITED STATES DISTRICT JUDGE
17
18
19
20  Presented by:
21
22
23
    /s/Deborah A. Dorfman                      /s/Morgan Pate
    Deborah Dorfman, WSBA #23832               S. Morgan, Pate, WSBA #33269
    Washington Protection & Advocacy System    Edward J. Dee, WSBA #15964
    315 Fifth Avenue South, Suite 850          Office of the Attorney General
    Seattle, WA  98104                         7141 Cleanwater Drive SW
                                               PO Box 40124
                                               Olympia, WA 98504-0124
    /s/Rob Denton
    Rob Denton Disability Law Center           Attorneys for Defendants
    205 North 400 West
    Salt Lake City, UT 84103

    Attorneys for Plaintiffs

ORDER AND SETTLEMENT AGREEMENT                 Washington Protection & Advocacy System
(Proposed) - 19

C99-5018                                       315 5TH Avenue South, Suite 850

                                               Seattle, Washington  98104

                                               (206) 324-1521 · Fax: (206) 957-0729